IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-00661-RBJ-STV

JOAN C. LIPIN,

    Plaintiff,

v.

ARTHUR DODSON WISEHART,
ERIN JAMESON,
ELLEN E. WISEHART, and
RICHARD [RHJAKOB] KREYCIK,

    Defendants.

---

ORDER

---

    This matter is before the Court on defendants' motion for cost bond [ECF No. 14], defendants' motion to dismiss or stay [ECF No. 15], and Magistrate Judge Scott T. Varholak's recommendations [ECF No. 39]. Judge Varholak recommends that this Court grant the motion to dismiss and deny the motion for cost bond as moot. ECF No. 39 at 1. His recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). However, the Court cannot accept his recommendations due to events that took place after he issued his report. The motion to dismiss must be denied, and the motion for cost bond therefore may be granted.

## BACKGROUND

This diversity action concerns a dispute over the ownership of real property at 39508 Pitkin Road, Paonia, Colorado (the Property). ECF No. 1 ¶ 4. Plaintiff Joan C. Lipin claims to be the rightful owner of the Property because her husband, Arthur McKee Wisehart, conveyed the Property to her through four quitclaim deeds executed and recorded in January 2016. *Id.* ¶¶ 4–5. Defendants Arthur Dodson Wisehart—one of Arthur McKee Wisehart's sons—and Erin Jameson run a bed-and-breakfast called the Wisehart Springs Inn on the Property. *Id.* ¶¶ 17–22. Ms. Lipin alleges that all four defendants are trespassing on the Property by either operating the inn or holding events there without her permission. *Id.* ¶¶ 17–18, 22–24, 28–30, 37–39.

On March 16, 2016 Arthur Dodson Wisehart brought a state court action concerning the Property in the District Court for Delta County, Colorado against his father and Ms. Lipin. ECF No. 15, Ex. A. The lawsuit alleges that a trust for his deceased grandmother, Dorothy R. Wisehart, acquired the Property in 1995. *Id.* ¶¶ 10, 14. The complaint further alleges that Arthur Dodson Wisehart and his father are co-trustees of this trust, so his father's purported conveyance of the Property to Ms. Lipin conveyed nothing. *Id.* ¶¶ 17, 40. Arthur Dodson Wisehart seeks declaratory relief to this end as well as monetary damages. *Id.* ¶¶ 48–61.

Five days after the state court action was filed, Ms. Lipin responded by bringing this federal court case pro se. *See* ECF No. 1. Like the state court case, Ms. Lipin's complaint requires determining the rightful owner of the Property. She requests that this Court enjoin defendants and the Wisehart Springs Inn—a nonparty—from operating the Wisehart Springs Inn and holding events on the Property; eject defendants and the Wisehart Springs Inn from the Property; and award monetary damages. *Id.* at 16, ¶¶ 1–5.

Defendants, who also appear pro se, have filed a motion for cost bond and a motion to dismiss. ECF Nos. 14–15. Judge Varholak's October 14, 2016 report recommends dismissing the case without prejudice under the *Colorado River* doctrine and denying the request for a cost bond as moot. ECF No. 39 at 8–9. Ms. Lipin objects to these recommendations. ECF No. 40.

## STANDARD OF REVIEW

### A. Magistrate Judge Recommendation.

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Rule 12(b)(6).

To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002), purely conclusory allegations are not entitled to be presumed true, *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the

threshold pleading standard. *See Twombly*, 550 U.S. at 556. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

### C. Pro Se Party.

When a case involves a pro se party, the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Nevertheless, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A "broad reading" of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Pro se parties must "follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

## ANALYSIS

Ms. Lipin objects to Judge Varholak's recommendation that her complaint be dismissed on numerous grounds. Most of Ms. Lipin's stream-of-consciousness objections are conclusory (e.g., "the Report is invalid because it is based upon false assumptions, arbitrary and capricious conclusions, and material omissions"), ad hominem (e.g., calling Judge Varholak "biased" and accusing him of having a "conflict of interest"), or have no basis in law (e.g., claiming that accepting the magistrate judge's recommendations without holding an evidentiary hearing denies

her due process). However, a review of Judge Varholak's recommendations reveals that they are no longer supported due to developments in the state court litigation since he issued his report.

Judge Varholak recommended that the Court dismiss this case for reasons of judicial economy under *Colorado River* in light of the pending state court action. ECF No. 39 at 4–8. When Judge Varholak issued his report, Ms. Lipin had recently filed a number of documents, and the Delta County District Court had just denied plaintiff's request for entry of default. *See* Register of Actions, *Arthur Dodson Wisehart v. Arthur McKee Wisehart*, No. 2016CV30032 (Delta Cnty., Colo. Dist. Ct. Mar. 2, 2017).

Since then, however, Ms. Lipin has failed to submit a responsive pleading despite repeated warnings, and the clerk of court has entered default against her. *See* Entry of Default Against Defendants (C.R.C.P. 55(a)), *Arthur Dodson Wisehart*, No. 2016CV30032 (Delta Cnty., Colo. Dist. Ct. Dec. 8, 2016). At this point, resolution of the state court case awaits only plaintiff's motion to enter default judgment and the court's ruling on that motion. C.R.C.P. 55(b). If default judgment is entered, as appears probable, the judgment likely will not have preclusive effect on the issues before this Court. *See In re Riggle*, 389 B.R. 167, 176 (D. Colo. 2007) ("Colorado relies on the Restatement (Second) of Judgments § 27 (1982) when formulating collateral estoppel principles. *Comment e* states that . . . . 'In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.'" (citations omitted)); *In re Dunston*, 146 B.R. 269, 277 (D. Colo. 1992) ("Although the general rule in Colorado is to give preclusive effect to default judgments, this principle still contains the caveat that the issues precluded must have been actually litigated."); *see also Sartin v. Macik*, 535 F.3d

284, 289 (4th Cir. 2008) ("[U]nder the Restatement, default judgments do not possess collateral estoppel effect . . . .").

As a result, notwithstanding the merits of Judge Varholak's *Colorado River* analysis last October, the current status of the state court litigation counsels in favor of retaining federal court jurisdiction over this dispute. After all, in general "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959)). "*Colorado River* concerns itself with efficiency and economy. Its goal is 'to preserve judicial resources.'" *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). And "the Doctrine may only be used when 'the clearest of justifications . . . warrant[s] dismissal.'" *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999) (quoting *Colorado River*, 424 U.S. at 819). Where, as here, a state court's imminent disposition of a case is not expected to have preclusive effect on the issues before a federal court, the federal court will not conserve judicial resources by dismissing the case and requiring the plaintiff to subsequently refile her federal suit. The Court therefore may not dismiss this case under *Colorado River* at this time.

However, because defendants' motion to dismiss must be denied, their motion for a cost bond is not moot. The decision of whether to require a pre-judgment cost bond in federal court

is within the trial court's sound discretion. *Paramount Film Distributing Corp. v. Civic Center Theatre*, 333 F.2d 358, 362 (10th Cir. 1964).  Factors relevant to this decision include: (1) the merits of plaintiff's claims; (2) the ability or willingness of plaintiff to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendants during their preparation for trial.  *Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F. Supp. 2d 1255, 1256 (D. Colo. 1999).

As to the first factor, the merits of Ms. Lipin's claims are dubious.  Defendants' motion to dismiss addresses only a procedural basis for dismissal, but the parallel state court action raises ample grounds for skepticism of Ms. Lipin's supposed interest in the Property.  *See, e.g.*, Order Denying Defendants' Motion to Dismiss, *Arthur Dodson Wisehart*, No. 2016CV30032, at 2 (Delta Cnty., Colo. Dist. Ct. Aug. 29, 2016).  If defendants are correct that Arthur McKee Wisehart's conveying the Property from his mother's trust to himself was improper self-dealing and that he had no authority to remove his son as co-trustee of the trust, then his transfer of the Property to Ms. Lipin may be invalid.  *See id.*  And one must ask why Ms. Lipin defaulted in the state court case if she believes she has a better claim to the Property than defendants do.

Indeed, Ms. Lipin's litigation strategy appears to be aimed at harassing defendants rather than winning her claim in court.  Although she submitted no responsive pleading in the state court case, that is not because she sat out the matter—she has submitted thirty-one other documents.  *See* Register of Actions, *Arthur Dodson Wisehart*, No. 2016CV30032 (Delta Cnty., Colo. Dist. Ct. Mar. 2, 2017).  The state court found that Ms. Lipin's numerous filings "substitute personal, ad hominin attacks in lieu of substantive arguments" and repeatedly try "to raise legal issues that simply do not apply" in that case.  Order Denying Defendants' Motion to

Dismiss, *Arthur Dodson Wisehart*, No. 2016CV30032, at 13 (Delta Cnty., Colo. Dist. Ct. Aug. 29, 2016). That court advised Ms. Lipin months ago that "any further frivolous, groundless or vexatious conduct will not be countenanced." *Id.* When she failed to comply with this order, the court awarded defendants costs and fees as sanctions for her "abusive litigation tactics." Order Granting Plaintiff's Motion for Sanctions, *Arthur Dodson Wisehart*, No. 2016CV30032, at 4 (Delta Cnty., Colo. Dist. Ct. Feb. 28, 2017). Ms. Lipin's filings in this case are similarly abusive, accusing one defendant of "illegally growing[] and farming marijuana," another of "assisting in the suicide of" Arthur McKee Wisehart's former wife, and yet another of "loudly announc[ing] that he denies that the Holocaust, in Germany, ever happened." ECF No. 1 ¶¶ 27, 32, 36.

What is more, defendants point out that Ms. Lipin brought this very case as retaliation shortly after defendant Arthur Dodson Wisehart filed suit against her in state court. ECF No. 14 ¶ 7. They also note that courts across the country have reprimanded Ms. Lipin for a "long and well-documented history of vexatious litigation." ECF No. 14 ¶ 2 (quoting *Lipin v. Hunt*, No. 14-CV-1081, 2015 WL 1344406, at *1 (S.D.N.Y. Mar. 20, 2015)); *see also, e.g.*, *Lipin v. Danske Bank*, No. 150972/2014, 2014 WL 5302246, at *6 (N.Y. Sup. Ct. Oct. 8, 2014) (dismissing all of Ms. Lipin's claims and entering a filing sanction against her); *Lipin v. Ellis*, No. CIV. 07-92-P-S, 2007 WL 2701493, at *1 (D. Me. Sept. 10, 2007) ("Plaintiff is warned that additional groundless and vexatious filings with this Court by the Plaintiff will not be tolerated and that filing restrictions may be imposed."); *In re Lipin*, No. 20051642 (Me. Prob. Ct. Cumberland Cnty. May 23, 2007) (enjoining Ms. Lipin from commencing new actions without leave). As one of these courts observed, seemingly speaking of the case at hand, "[E]ven a brief review of

Plaintiff's filings reveals that they are not vehicles for recovery, but rather are designed to harass defendants and the courts." *Lipin v. Hunt*, 2015 WL 1344406, at *1.

Second, given Ms. Lipin's vexatious and dilatory litigation habits, I find it unlikely that she will be willing to pay any costs assessed against her absent a series of motions and appeals. In addition, Ms. Lipin is a resident of New York, complicating these Colorado defendants' ability to recover a cost award from her.

Third, the individual pro se defendants appear likely to incur substantial costs in their preparation for trial. This case involves disparate evidence concerning a trust formed in Indiana; Arthur McKee Wisehart's deed purporting to give himself a security interest in the Property; his son's subsequent involvement with the trust; his attempted unilateral removal of his son as a co-trustee; his later recording of documents purporting to transfer the Property to himself; and his four quitclaim deeds attempting to convey the Property to Ms. Lipin. *See* ECF No. 1; First Amended Complaint, *Arthur Dodson Wisehart*, No. 2016CV30032 (Delta Cnty., Colo. Dist. Ct. Apr. 7, 2016). I expect defendants may need to produce documents during discovery, seek out evidence that might be in Indiana, New York, or Colorado, and retain experts to speak to the validity of contested filings concerning the trust and the Property. Defendants will also likely need to travel to New York and New Jersey to depose Ms. Lipin and Arthur McKee Wisehart, not to mention potential travel to Denver for court matters.

Ms. Lipin's response to the motion for cost bond misses the mark. She argues that defendants have defaulted, conspired with an attorney who does not represent them here, "rel[ied] upon statements that are scurrilous, specious, conclusory, and that constitute hearsay," advanced issues that "are not material" and "are not relevant to the causes of action or claims

asserted against each defendant," presented "self-serving, false, conclusory, and fraudulent statements," and brought a nonjusticiable question that defendants have no standing to raise. ECF No. 24 ¶¶ 2–12. These arguments ignore the relevant legal standards in *Paramount* and *Hartnett*, and are wholly meritless anyway. *See, e.g.*, ECF Nos. 27, 29, 33–34 (denying Ms. Lipin's request to enter default against each defendant).

Accordingly, I find that it is appropriate to require Ms. Lipin to post a cost bond if she wishes to continue with this case. Defendants request a $50,000 bond, but I am not persuaded that the aforementioned costs warrant a bond of this size. (For her part, Ms. Lipin has offered nothing to rebut defendants' cost estimate.) Based on the evidence currently before the Court, I find that a smaller cost bond of $10,000 is reasonable here.

## ORDER

For the reasons set forth above, the Court REJECTS Magistrate Judge Varholak's recommendations [ECF No. 39]. Defendants' motion to dismiss or stay [ECF No. 15] is DENIED, and defendants' motion for cost bond [ECF No. 14] is GRANTED as to a $10,000.00 bond. On or before March 20, 2017, Ms. Lipin shall post a cost bond in the amount of $10,000.00 with the Clerk of the Court.

DATED this 2nd day of March, 2017.

BY THE COURT:

*[signature]*

_____
R. Brooke Jackson
United States District Judge