IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 16-cv-00661-RBJ-STV

JOAN C. LIPIN,

    Plaintiff,

v.

ARTHUR DODSON WISEHART,
ERIN JAMESON,
ELLEN E. WISEHART, and
RICHARD [RHJAKOB] KREYCIK,

    Defendants.

---

ORDER on MOTIONS FOR SUMMARY JUDGMENT

---

This matter is before the Court on plaintiff's motion for summary judgment, ECF No. 99, and defendants' cross motion for summary judgment. ECF No. 101. For the reasons discussed in this order, plaintiff's motion is denied, and defendants' motion is granted.

## BACKGROUND

This case involves a dispute over the ownership of real property in Delta County, Colorado. Plaintiff Joan C. Lipin claims to be the rightful owner of the property because her husband, Arthur McKee Wisehart ("AMW"), conveyed the property to her through four quitclaim deeds in January 2016. Defendant Arthur Dodson Wisehart ("ADW") is one of AMW's sons. He and his wife, Erin Jameson, operate a bed-and-breakfast called the Wisehart Springs Inn on the property. Lipin asserts that ADW and Ms. Jameson, in collusion with Ellen

1

Wisehart and Richard Kreycik, are trespassing on the property, and she asks the Court to eject them and to award her $6,000,000 in damages. The defendants claim that the property is owned by a trust originally created by AMW's mother.

Thus, the central and dispositive issue presented in the case is who owns the property. Both sides emphasize in their briefs that they want this issue decided on summary judgment, not at trial. Of course, that is possible only if there is no genuine dispute as to any fact material to the resolution of the matter. Fed. R. Civ. P. 56. While the parties' respective briefs reflect a few fact disputes, I find that none of them is material to the outcome, and that summary disposition is appropriate.

**FACTS**

1. On May 22, 1987 Dorothy R. Wisehart created the Dorothy R. Wisehart Trust (the "DRW Trust"). Trust Agreement, ECF No. 101-1. Dorothy and her son, AMW, were designated co-trustees.

2. At or about that time Burt and Dorthea Tucker owned the property that later became the subject of this lawsuit. This property, which I will hereafter refer to as the "Property," presently consists of four parcels of land collectively referred to as 39540 Pitkin Road, Paonia, Colorado.[1]

3. On January 22, 1992 the Tuckers sold the Property to the Morning Sun Farm Trust. As part of this transaction the Morning Sun Farm Trust executed a promissory note in favor of the Tuckers and secured the note with a deed of trust on the Property.

---

[1] The plaintiff refers to the property as 39508 Pitkin Road with a "situs address" of 39540 Pitkin Road. Complaint, ECF No. 1, at ¶4. Defendants refer to the property simply as 39540 Pitkin Road. Regardless, there is no dispute that the parties are referring to the same four parcels.

2

4. The parties seem to dispute whether the Property includes water rights. *Compare* plaintiff's Statement of Undisputed Facts ¶2, ECF No. 99 at 1-2 *with* defendants' Statement of Undisputed Facts ¶18, ECF No. 101 at 4. The documents cited by the respective parties (Deed of Trust, ECF No. 99-3 for plaintiff; Record Title Report, ECF No. 101-4 for defendant) do not expressly resolve the dispute. At a minimum, however, those documents do not show that water rights were severed and retained by the Tuckers.

5. On November 28, 1993 Dorothy Wisehart died, at which point the DRW Trust became irrevocable, and AWM was the sole trustee.

6. On September 11, 1995 Ellen E. Wisehart as Trustee of the Morning Sun Farm Trust conveyed the Property to the DRW Trust by Quit Claim Deed. ECF No. 99-7. The Quitclaim Deed indicates that the Property includes the water rights. *Id.* at 3. I find that there is no genuine dispute, and that the Property includes water rights.

7. On December 19, 1996 the Tuckers, the Morning Sun Farm Trust, and AMW in both his capacity as Trustee of the DRW Trust and individually, amended the promissory note such that AMW became the sole obligor under the note. The deed of trust still secured payment of the note.

8. The promissory note was paid in full by December 30, 2001. Plaintiff claims that AMW paid the balance due on the note. *See* plaintiff's motion, ECF No. 99 at 7. Defendants dispute that. ECF No. 101 at 12. Neither side provides evidence one way or the other, but I do not find the answer to be material to the issue of who owns the Property.

9. According to Paragraph Q of Article V of the DRT Trust Agreement, "The Trustee may be removed upon written request of three-fourths (3/4) of the current income beneficiaries,

provided that three-fourths (3/4) of the current income beneficiaries can agree upon a successor Trustee, and the successor Trustee acknowledges written acceptance of its appointment to the existing Trustee and its willingness to serve." ECF No. 101-1 at 15.

10. In November 2009 the current income beneficiaries of the DRW Trust were Elizabeth D. Wisehart, William M. Wisehart, Ellen Wisehart, Winston Wisehart and ADW. *See* ECF No. 101-2 at 4, ¶4.e. (Affidavit of Rebecca W. Geyer).

11. Four of the five income beneficiaries (all but Ellen) decided to remove AMW as the sole trustee and, instead, to appoint AMW and his son ADW as co-trustees of the DRW Trust. The written instrument, entitled "Dorothy R. Wisehart Trust, Appointment of Co-Trustee," was signed by those four current income beneficiaries. AMW was not a current income beneficiary. *Id.* He signed the Appointment of Co-Trustee document twice, first as a "Contingent Beneficiary," and second to indicate his acceptance of his appointment as a co-trustee. ECF No. 101-5 at 1-6. ADW likewise signed the document twice, as an income beneficiary and to indicate his acceptance of his appointment as a co-trustee. *Id.* The precise date that each of the signatories signed the document is not clear, but the signatures appear to have been complete by Winston's signature on January 27, 2010. *Id.*

12. On March 24, 2015 the plaintiff, Ms. Lipan, married AMW.

13. On May 14 and 15, 2015 AMW recorded two notices in Delta County stating that the DRW Trust was transferring the Property by warranty deed to AMW. ECF No. 101-7.

14. On January 4, 2016 either AMW or Ms. Lipin recorded four quitclaim deeds in Delta County (one for each of the four parcels that comprise the Property) purporting to convey the Property from AMW to Ms. Lipin.

## ANALYSIS

In her brief the plaintiff asserts that "the 'Appointment of Co-Trustee' document is legally flawed and invalid and therefore Arthur McKee Wisehart retained control of the Dorothy R. Wisehart Trust as Sole Trustee and legally transferred the real estate properties, in fee simple absolute, along with water and mineral rights, to Plaintiff Joan C. Lipin on January 4, 2016." ECF No. 99 at 4, ¶15. I disagree for two reasons.

First, Ms. Lipin provides no evidence that there was anything flawed or invalid about the Appointment of Co-Trustee document. She has no evidence, for example, that any of the signatures were forgeries. She has no evidence that any of the signatures were coerced. She has no evidence that the signatures are not precisely what they purport to be, i.e., (1) the signatures of four of the five then-current income beneficiaries of the DRW Trust expressing their decision to replace AMW as sole trustee with AMW and ADW as co-trustees, and (2) the signatures of AMW and ADW indicating their acceptance of the appointment.

Ms. Lipin does not show that AMW had any right as a co-trustee to convey the Property to himself individually. On the contrary, I conclude that AMW had no such right. The Trust provides that it will be governed by Indiana law. ECF No. 101-1, Article V, paragraph K. In support of their position defendants submit the affidavit of Ms. Geyer, an Indiana lawyer, who is a board-certified trust and estate specialist and a member of the American College of Trust & Estate Counsel. ECF No. 101-2. She explains that under Indiana law, a Trustee's Deed would have been required to convey the property with all co-trustees being required to sign it. *Id.* at 15, ¶4.k. In the event of an impasse between two co-trustees, one co-trustee could petition the court for permission to exercise the power. *Id.* That did not occur in this case.

Second, even if the Appointment of Co-Trustees document were somehow invalid, Ms. Lipin cannot explain how AMW as sole trustee could simply convey the Property to himself individually.  She suggests that the conveyances were made pursuant to the Trustee's General Power of Appointment.  But the Trust does not grant the trustee the authority that Ms. Lipin claims.

Ms. Geyer points out that under Article V, paragraph A of the First Amendment to the DRW Trust, if at Dorothy's death the assets of her estate including the DRW Trust exceeded $1 million, then the excess over $1 million would be distributed to AMW as trustee.  ECF No. 101-2 at 5, ¶4.g.  AMW was granted a general power of appointment, meaning the power to appoint income and principal to anyone including himself, as to any excess, but $1 million was to remain in the Trust and qualify for a generation-skipping transfer exclusion.  *Id.*  Put another way, $1 million stayed in the irrevocable trust for the benefit of Dorothy's grandchildren.  However, there was less than $1 million in the DRW Trust when Dorothy Wisehart died.  *Id.* at 7, ¶4.j.  Ms. Lipin makes no showing that there were assets in the DRW Trust *other than the Property* worth $1 million so that the Property would be excess and could be conveyed.  There is no genuine dispute about these facts.

Accordingly, the Court concludes that Ms. Lipin has no interest in the Property.  The Property continues to belong to the DRW Trust.  It follows that plaintiff's claims fail.

**ORDER**

For the reasons set forth above,

1. Plaintiff's motion for summary judgment, ECF No. 99, is DENIED.

2. Defendants' cross-motion for summary judgment, ECF No. 101, is GRANTED.

3. This civil action and all claims therein are dismissed with prejudice.

4. As the prevailing parties, defendants are awarded their reasonable costs to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 9th day of February, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge